UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **ROCHE DIAGNOSTICS CORP., et al.,** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
|    vs. ) | CAUSE NO.  1:04-cv-358-LJM/VSS |
| ) | |
| **APEX BIOTECHNOLOGY CORP., et al.,** ) | |
| ) | |
|    **Defendants.** ) | |
| ) | |
| **ROCHE DIAGNOSTICS CORP., et al.,** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
|    vs. ) | CAUSE NO.  1:04-cv-1187-LJM/VSS |
| ) | |
| **HOME DIAGNOSTICS, INC.,** ) | |
| ) | |
|    **Defendant.** ) | |

## ENTRY FOR MAY 6, 2005

The magistrate judge, having considered the briefs of the parties and the arguments of counsel, hereby resolves defendant HDI's motion to compel as follows.

As the magistrate judge has ruled previously, by allowing its counsel, D. Michael Young, to testify during the Bayer trial, Roche has waived the attorney-client privilege regarding its "knowledge and beliefs, through the time of the conclusion of the reissue process, regarding the prior art that was the subject of Bayer's inequitable conduct claim in the Bayer trial." The parties disagree about what this means. There were three references that Bayer alleged should have been disclosed during the reissue process–the Matsushita patent and two abstracts–and Roche's position is that only documents that relate specifically to those three references must be

produced. This position is not unreasonable, as those three references were, indeed, "the prior art that was the subject of Bayer's inequitable conduct claim in the Bayer trial."

However, the parties previously have submitted excerpts of Mr. Young's testimony in the Bayer trial, and the magistrate judge, having again reviewed that testimony in the context of the specific issues now in dispute, must agree with the defendants that Roche's waiver is broader than just documents that relate to those three references. For example, during Mr. Young's testimony, the following exchange occurred:

> Q:  Now, did you, Mr. Young, when you were going through this reissue process try to find things to show the examiner that did deal with auto-start?
>
> A:  Yes, I did.
>
> Q:  Did you cite what you found?
>
> A:  I did. I did, in fact, cite what I found.
>
> Q:  Did you cite everything you found?
>
> A:  Yes, everything I found.

Exhibit 6 to Docket No. 160 at p. 5. With this testimony, Roche waived its privilege as to any references that had any potential relevance to the '268 patent reissue proceedings that Mr. Young–or anyone else on Roche's behalf–examined during the reissue process or otherwise was aware of during the reissue process. Roche may not allow Mr. Young to testify that he "cited everything that he found" and then claim privilege regarding the documents that would show whether that testimony was true. That is a paradigmatic example of why the doctrine of subject matter waiver exists.

Accordingly, Roche shall produce, **within 24 hours of the entry of this order on the court's docket**, all documents that it has withheld as privileged that relate to Roche's [including, but not limited to, Mr. Young's] knowledge of, understanding of, examination of, discussion of, or analysis of any reference[1] that had any potential relevance to the '268 patent reissue proceedings that Mr. Young or anyone else on behalf of Roche examined during the reissue process or otherwise was aware of during the reissue process. This would include any reference that Roche examined, etc., in order to determine whether it had any potential relevance to the '268 patent reissue proceeding, even if it ultimately determined that it was not relevant.

SO ORDERED: 05/06/2005

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

Distribution list attached[2]

---

[1]"Reference" means any printed publication or patent.

[2]The magistrate judge notes that attorney Robert D. Litowitz has not provided the court with an email address for distribution purposes. As of September 1, 2004, the failure to register to use the court's electronic filing system constitutes a violation of Local Rule 5.7(b). Until Mr. Litowitz complies with the local rules and registers to receive electronic notification, it will be the responsibility of his co-counsel to ensure that he is aware of the court's entries and orders.

Copies to:

Jackie M. Bennett, Jr.
jbennett@sbalawyers.com
dhardy@sbalawyers.com

Don O. Burley
don.burley@finnegan.com

Robert William Busby
rbusby@jenkens.com; smorrow@jenkens.com
eanderson@jenkens.com
khudson@jenkens.com

Helen K. Geib
helen.geib@btlaw.com cwitten@btlaw.com

Brent Allen Harris
brent.harris@roche.com

David J. Hensel
dhensel@sbalawyers.com;
pbecker@sbalawyers.com

Tina Eunju Hulse
tina.hulse@finnegan.com tehulse@yahoo.com

Paul B. Hunt
paul.hunt@btlaw.com
cstamas@btlaw.com
lori.robertson@btlaw.com

Donald E. Knebel
donald.knebel@btlaw.com
cstamas@btlaw.com
lori.robertson@btlaw.com

Shannon D. Landreth
slandreth@mtlitig.com
pmcginnis@mtlitig.com

Larry A. Mackey
larry.mackey@btlaw.com

William Jackson Matney
jmatney@jenkens.com

Edward F. McCormack
emccormack@jenkens.com
mbrady@jenkens.com

Lee B. McTurnan
lmcturnan@mtlitig.com
gsmith@mtlitig.com

Kendall H. Millard
kmillard@btlaw.com millardk@sbcglobal.net

F. Anthony Paganelli
paganelli@sbalawyers.com
thoover@sbalawyers.com

Erik R. Puknys
erik.puknys@finnegan.com

Aaron Mark Raphael
aaron.raphael@finnegan.com
julia.lewis@finnegan.com

Lynn C. Tyler
lynn.tyler@btlaw.com
cwitten@btlaw.com;cstamas@btlaw.com

Kristin Lynne Menon
kristin.menon@finnegan.com
kschnell@stanfordalumni.org

Barbara Clarke McCurdy
barbara.mccurdy@finnegan.com

Erik Christopher Johnson
ejohnson@mtlitig.com snelson@mtlitig.com